## AETNA LIFE INSURANCE CO v HOOPER

Ohio Appeals, 9th Dist, Summit Co

No. 2506. Decided March 20, 1935

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Irwin D. Allen, Akron, and Roy E. Browne, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Upon trial in the Court of Common Pleas, a jury having been waived, that court held that the incontestable provision contained in the policy, as hereinafter set forth, precluded the consideration of defendant's defense of fraud as set out in the first defense, or of the question of disclosure and consequent estoppel, and refused to allow any evidence to be introduced thereon; and that ruling constitutes the principal ground of error assigned here as warranting a reversal of the judgment for plaintiff.

The policy in suit provides the following:

"This policy shall be incontestable, except for nonpayment of premiums, as to insurance in force at the date hereof after one year from the date of issue of this original contract, and as to insurance on any new employee after one year from the time such insurance takes effect as herein provided; but written notice of the death or permanent total disability of an employee while insured hereunder shall be given through the employer to the company at its home office within one year after cessation of the payment of premiums in respect to such employee; and if such notice is not given, the company shall not be liable for any payment on account of such death or permanent total disability."

From a study of the policy provisions, it is apparent that the contract between the employer and the insurance company was one for the benefit of those persons coming within a particular class; namely, employees of the Goodyear Tire & Rubber Co. who were also bona fide members of the Goodyear Relief Assn., and it further ap-

pears that membership in such class was a condition precedent to any rights upon the part of the employees arising under the contract between the employer and the insurance company.

At no time was plaintiff a bona fide member of the Goodyear Relief Assn., unless it was after a full disclosure of his fraudulent conduct, and as to that the court would not permit the introduction of any evidence.

To paraphrase the language of the United States Supreme Court in Minn., St. P. & S. Ste. Marie Ry. Co. v Rock, 279 U. S. 410, 73 L. Ed. 766, plaintiff's position as employee and member of the relief association was essential to his right to recover under the policy. He in fact performed the work of an employee, but he was not of right an employee within the meaning of the policy. He obtained and held his place through fraudulent means. It was at all times his duty to disclose his identity and physical condition to his employer. His failure to do so was a continuing wrong in the nature of a cheat. As a result of his concealment, his status was at all times wrongful, and a fraud upon the defendant. Right to recover may not justly or reasonably be rested upon a foundation so abhorrent to public policy.

The evidence disclosed by the record herein fails to show that the plaintiff was at any time one of those persons within the class entitled to the benefit of the contract between the employer and the defendant; and until such showing, he had no enforceable rights under the policy in question, and the policy provision with reference to its being incontestable did not come into operation.

For the trial court to rule as it did with reference to evidence bearing upon the defense of fraud, and upon the question of disclosure of the fraud and consequent estoppel, it was necessary for that court to find that the admitted fraud had been waived by defendant and that defendant was estopped to set up the fraud as a defense, and furthermore that plaintiff was within the class for whose benefit the contract of insurance between the Goodyear Tire & Rubber Co. and defendant was executed, and that by reason thereof a valid contract for the benefit of plaintiff existed and that defendant was bound by the provisions thereof.

. The court could not properly reach such a conclusion in the absence of evidence, when the parties were at issue upon that question and defendant was insisting upon its right to prove its contentions in reference to said question. Defendant was denied the right to offer any evidence upon the question of plaintiff's status or upon the question of the claimed estoppel, and was held to be strictly bound by the provisions of the policy.

Plaintiff's fraudulent conduct being conceded, all of the competent evidence, both of plaintiff and of defendant, should have been admitted by the court upon the question of disclosure and consequent estoppel, and that issue decided by the court (the jury having been waived) upon the evidence so produced.

That was not done, and therein the trial court erred to the prejudice of defendant.

For error in refusing to admit the evidence of defendant upon the question of plaintiff's status, and also upon the question of plaintiff's disclosure of his fraud and consequent estoppel on the part of defendant, the judgment below must be reversed and the cause remanded for further proceedings in conformity to this opinion.

The conclusion reached herein renders unnecessary the consideration of the other claimed errors.

Reversed and remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.